3



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Geo. A. Hight
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-1609
Re: Right of certain Tarrant County
Road Bonds to participate in the
benefits of the gasoline tax under
the provisions of House Bill #688,
passed by the Regular Session of the
Forth-syxth Legislature, 1939, pur-
suant to facts stated.

    You request our opinion as to the legality of the
claim of Tarrant County to participation in the one-cent
gasoline tax allocated to the Board of County and District
Road Indebtedness as provided by House Bill #688, Regular
Session of the Forty-sixth Legislature, 1939. The facts are
as follows, quoting from your letter:

    "The State Highway Department has designated
several miles of highway lying wholly within the
incorporated limits of the City of Fort Worth as
a State Highway, and Tarrant County has issued
bonds, the proceeds of which were spent in the
improvement and construction of this road."

    As a general proposition of law it is settled that
the control and jurisdiction over streets of a municipal cor-
poration is exclusive in said corporation. However, the
courts have construed to the counties the right to expend
funds in the improvements of streets within the corporate
limits of a city when said streets are also a public road,
particularly so when done with the consent of the city. See
Hughes vs. County Commissioners' Court of Harris County, 35
S. W. (2d) 818. This same conclusion was reached by the Supreme
Court in the case of the City of Breckenridge vs. Stephens

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

County, 40 S. W. (2d) 43, wherein the court said:

"The commissioners' court may expend county road bond funds for improvement of city streets forming part of county roads where made with city's consent."

It will be noted that these decisions restrict a county's jurisdiction over the streets of an incorporated city, but that where county roads form a part of the city streets, it seems to be settled law that the county has the right to expend county funds for the improvement of such roads, even though constituting a part of a city thoroughfare.

You are, therefore, advised that it is our opinion that the claim of Tarrant County is legal, provided same complies in all other respects with the provisions of House Bi.. #688, above cited.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  (c)
Clarence E. Crowe
Assistant

CEC-s

APPROVED JAN. 10, 1940
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By BWB
chairman